COLUMBUS–AMERICA DISCOVERY
GROUP, INC., Plaintiff,

v.

The UNIDENTIFIED, WRECKED
AND ABANDONED SAILING
VESSEL, etc., Defendant.

Civil Action No. 87–363–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 22, 2011.

Order Staying Mandate May 4, 2011.

See also 795 F.Supp.2d 397, 2011 WL
2638160.

Richard Thomas Robol, Robol Law Office LPA, Columbus, OH, for Plaintiff.

### ORDER

REBECCA BEACH SMITH, District
Judge.

■ This case is before the court on
motion of the non-parties Michael Williamson, Estate of Don C. Craft, John Doering,
Kirk O'Donnell, Michael Grogan, John
Lettow, Timothy McGinnis, Fred Newton,
William Watson and International Deep
Sea Survey, Inc. ("the Williamson Plaintiffs") filed January 24,2011, seeking modification of the court's "permanent" protective order in this case entered January
17,1990.[1] The Williamson Plaintiffs are
currently involved in a suit in the Southern
District of Ohio. *See Michael Williamson
et al. v. Recovery Limited Partnership et
al.,* Case No. C2–06–292. In their motion
to this court, they seek the use of the Joint
Inventory filed under seal in this case on
February 24,1998, which memorializes, in
exact detail, the gold coins, bars, nuggets,
and dust recovered from the wreck of the
S.S. CENTRAL AMERICA. The Wil-

---

**1.** This court entered an interim protective order on January 17,1990, which was made permanent by order of the court on April 3, 1990.

liamson Plaintiffs seek to have Fred Holabird, the author of that inventory, produce the document during his deposition in the Ohio case. The parties stipulate that such use of the inventory would be pursuant to the standing protective order in this case. For the reasons which follow, this court **GRANTS** the motion and **ORDERS** that the Joint Inventory be unsealed.[2]

At the conclusion of this case, the court filed a sealed order on July 31,1998, which amended the 1990 protective order and unsealed the inventory.[3] However, upon appeal by Columbus–America Discovery Group, Inc. ("CADG"), the Fourth Circuit reversed, and mandated that the inventory continue to be sealed. In so deciding, the Fourth Circuit's decision rested on the following rationale:

> The evidence before the district court which supported the sealing of the inventory was that making the same public could substantially damage the ultimate value received for the antique gold. There is no evidence before us that this condition has changed.... [T]he fact remains that the record in this case is that the value of the inventory may be damaged by premature release of the inventory.... [W]e are aware that the record of the inventory will have to be made public, but not presently.... *We are confident that future motions in that respect will receive due consideration in the district court.*

*Columbus–America Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000) (emphasis added). Thus, in ordering that the inventory continue to be sealed,

the Fourth Circuit was concerned with the marketing and sale of the gold recovered.

■ The court now faces a very different situation than did the Fourth Circuit over eleven years ago. By admission of counsel for CADG, the gold was sold years ago, and CADG has completely divested itself of its physical interest in the treasure. Additionally, no interested party in this case objects to the release of the inventory. While in his correspondence with the court, counsel for CADG has raised certain concerns, when the Williamson Plaintiffs filed the instant motion, they attached a consent order signed by all parties in the Southern District of Ohio case, *including* counsel for CADG who represents CADG's successor in interest in the Ohio case. In a separate letter to the court, counsel for the underwriters, while he avers that his representation of that party concluded in 2002, states that the underwriters did not oppose the unsealing of the inventory under the original order, and they too have divested themselves of any interest in the treasure.

Therefore, the court finds that there is no continuing rationale to hold the Joint Inventory under seal, as there is no concern that its release will have any effect on the marketing and sale of the salvaged gold. The time has come for the public to "judge the product of the courts" in this case by giving them access to the inventory of historic materials recovered from the S.S. CENTRAL AMERICA wreck. *Columbus–America*, 203 F.3d at 303. Therefore, the court **ORDERS** that the

---

**2.** Counsel for the defendant in the Ohio case, who was also counsel for Columbus–America Discovery Group, Inc. in this case, has raised questions about this court's ability to entertain a motion from the Williamson Plaintiffs without a formal intervention in this action. However, given the court's continuing jurisdiction over the protective order in this case, *see Columbus–America Discovery Grp. v. Atl.*

*Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000), no such formal intervention is necessary. The motion filed on January 24, 2011, is sufficient.

**3.** The inventory was not immediately unsealed, but rather had a thirty-day delay from the entry of the order to allow appeal to the Fourth Circuit.

inventory be unsealed and be made available to the parties in the pending case in the Southern District of Ohio, *Michael Williamson et al. v. Recovery Limited Partnership et al.,* Case No. C2–06–292. Otherwise, the court's January 17, 1990, permanent protective order remains in full force and effect.[4] This Order to unseal takes effect in fourteen (14) days, pending further order of this court or the Fourth Circuit Court of Appeals.

The Clerk is **DIRECTED** to forward a copy of this Order to counsel for all parties to this case, as well to counsel for all parties in the case pending before the Southern District of Ohio, and to the Clerk of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

### *ORDER*

This case now comes before the court on Columbus–America Discovery Group's (CADG) Emergency Motion to Alter or Amend filed May 2,2011. Non-party movants, the Williamson Plaintiffs, responded the same day. Accordingly, this court hereby **STAYS** the mandate of its Memorandum Order, filed April 22, 2011, pending resolution of CADG's Emergency Motion.

The Clerk is **DIRECTED** to forward a copy of this Order to counsel for CADG and the Williamson Plaintiffs, and to Guilford D. Ware, Esquire.

**IT IS SO ORDERED.**

---

4. Thus, the hundreds of other documents sealed under the protective order continue to remain so sealed.